IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| | : |
| TRINA LORRRAINE BOLYAR, | : |
| | : |
| DEBTOR(S) | : BANKRUPTCY NO. 08-10378 SR |
| | : |
| TRINA LORRAINE BOLYAR, | : |
| | : |
| PLAINTIFF, | : |
| VS. | : |
| | : |
| DARIN BROWNLEE AND JAMES BENSON, | : ADV. NO. 08-00210 |
| | : |
| DEFENDANTS. | : |

# OPINION

BY: STEPHEN RASLAVICH, CHIEF UNITED STATES BANKRUPTCY JUDGE.

## INTRODUCTION

The plaintiff in this adversary proceeding, Trina Lorraine Boylar ("Debtor"), filed a three-count complaint against the defendants seeking declaratory relief regarding three pieces of real property (the "Properties") and a judgment setting aside and avoiding the transfer of one of the Properties. Darin Brownlee filed an answer to the complaint wherein he included four counterclaims against the Debtor. In response, the Debtor filed a motion to dismiss the counterclaims on the grounds that: (i) the counterclaims were filed after the bar date had passed for filing proofs of claim; and (ii) the counterclaims are barred by the automatic stay. Following a hearing on the Debtor's motion, the Court took the matter under advisement. For the reasons set forth below, Debtor's motion to dismiss shall be granted without prejudice to Brownlee filing

a curative amendment within twenty (20) days to set forth his counterclaims against the Debtor in accordance with 11 U.S.C. §523(a)(3).

**BACKGROUND**

The Debtor filed her Chapter 13 bankruptcy case on January 16, 2008. She did not list Brownlee as a creditor. Proofs of claims in the Debtor's bankruptcy case were due on or before June 26, 2008.

On August 8, 2008, the Debtor commenced this adversary proceeding by filing her complaint. In the complaint, she alleges that Brownlee and she "engaged in a de facto partnership to purchase and re-sell certain real estate in the Spring and Summer of 2006" and that, in furtherance of this partnership, they purchased the Properties and had them titled jointly in their names. *Complaint* ¶ 4. The Properties are located at: (1) 1717 North 26th Street, Philadelphia, Pennsylvania (the "Cedar Property"); (2) 1804 North 28th Street, Philadelphia, Pennsylvania; and (3) 1826 North Natrona Street, Philadelphia, Pennsylvania (the "Natrona Property"). *Id.* According to the Debtor, Brownlee's financial contributions toward the purchase and upkeep of the Properties have been minimal. *Id.* ¶¶ 5-6.

On or about July 17, 2007, the Debtor and Brownlee allegedly agreed to sell the Natrona Property to Michele Brown. *Id.* ¶ 7. As part of this transaction, the Debtor contacted the mortgagee of the Natrona Property to request a payoff figure therefor, but she accidentally confused the mortgage on the Natrona Property with the mortgage held on the Cedar Property. *Id.* ¶ 8. Consequently, at the closing on the Natrona Property, the mortgage on the Cedar Property was satisfied rather than the mortgage on the Natrona Property, which "resulted in a claim" against the Debtor and Brownlee by Brown, the mortgagee company and the title

2

company which had insured the title on the Natrona Property on Brown's behalf. *Id.* ¶¶ 8-9.

On or about October of 2007, the Debtor transferred the Cedar Property to Brownlee allegedly in exchange for his "promise to make certain that he would resolve the difficulties which arose with respect to the Natrona Property transfer." *Id.* ¶ 10. Brownlee purportedly made no effort to resolve the problems with respect to the Natrona Property transfer. *Id.* ¶11. After receiving the Cedar Property from the Debtor, Brownlee allegedly transferred it to his brother, Benson "to make it more difficult" for the Debtor to rescind the transfer to Brownlee. *Id.*

Based on the aforementioned allegations, Debtor seeks the following relief in her complaint: (i) a declaration that she is the sole owner of the Properties due to the alleged minimal contributions of Brownlee toward the purchase and upkeep of the Properties (Count I); (ii) a declaration that she "alone may rent or sell the Properties free and clear of any liens pursuant to 11 U.S.C. § 363(b) & (c) (Count II); and (iii) a judgment setting aside and avoiding the transfers of the Cedar Property from Brownlee to Benson and from the Debtor to Brownlee (Count III).

On October 16, 2008, Brownlee filed his answer to the complaint asserting his four counterclaims therein. In his answer, Brownlee alleges that Debtor and he "entered into a partnership to acquire properties, lease them and later sell them as they appreciated in value in order to acquire additional properties in the spring and summer of 2006." *Answer of Defendant Darin Brownlee to Complaint of Plaintiff, Trina Lorraine Bolyar ("Answer")* ¶ 4 (underlining in original). He further alleges that the Debtor and he bought not only the Properties listed in the complaint but also purchased an additional property located at 3712 Carlisle Street in

3

Philadelphia, Pennsylvania. *Id.* Brownlee denies the Debtor's allegation that his contribution to the Properties have been minimal and alleges, to the contrary, that both he and Debtor contributed $18,300 to acquire title to the Properties and that he put "manpower[,] supplies and expertise into renovating the [P]roperties which enhanced their value and made them habitable." *Id.* ¶¶ 5- 6, 18. Browlee also denies that Debtor attempted to contact him regarding the Cedar Property and denies that Benson is his brother. Brownlee contends that he "is entitled to a declaration that he is the owner of the [P]roperties as the result of [Debtor's] ineptitude and failure to abide by the agreement." *Answer* ¶ 21.

Brownlee's counterclaims to the complaint consist of the following: (1) Count I – fraud for putting two other properties which the de facto partnership acquired into Debtor's sole name rather than in the names of both Debtor and Brownlee; (2) Count II – negligence for Debtor's actions which caused the mortgage on the Cedar Property to be satisfied rather than the mortgage on the Natrona property; (3) Count III – conversion for money which Brownlee contends rightfully belongs to him arising from the Properties and the rental of the same; and (4) Count IV – breach of contract based on Debtor failure to perform the duties which she owed to the partnership.

At the hearing on Debtor's motion to dismiss, each party presented oral argument but neither party sought to make an evidentiary record. Consequently, there is no evidence in the record regarding Brownlee's knowledge of the Debtor's bankruptcy case.

**DISCUSSION**

As the Court noted above, Debtor's motion to dismiss asserts that Brownlee's counterclaims should be stricken because they were filed after the bar date for filing proofs of

claim in the Debtor's bankruptcy case and they are barred by the automatic stay.[1]

### *I. Standard of Review*

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court may consider the allegations contained in the pleading, exhibits attached thereto and matters of public record. *Pension Benefit Guaranty Corporation v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The court must accept the factual allegations in the pleading as true, *Erickson v. Pardus*, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007), and view all reasonable factual inferences in the light most favorable to the non-moving party, *Angelastro v. Purdential-Bache Securities, Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). "Dismissal is warranted if the allegations"of a pleading "are not 'enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the [pleadings] are true (even if doubtful in fact).'" *Access Insurance Holdings, Inc. v. Lincoln General Insurance Company*, 2008 WL 859222, at *1 (E.D. Pa. March 28, 2008) (*quoting Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted)). However, even when a dismissal is warranted, the non-movant should generally be granted the opportunity to amend his or pleading unless the amendment would be inequitable or futile. *Williams-Murray v. Anthropologie, Inc.*, 290 Fed.Appx. 484, 487 (3d Cir. 2008); *Miller v. Dutil (In re Total Containment)*, 335 B.R. 589, 601 (Bankr. E.D. Pa. 2005).

---

[1] To the extent the Debtor's Motion to Dismiss also raises the argument that Brownlee should have sought relief from the stay prior to asserting the counterclaims, the argument lacks merit. Brownlee's counterclaims "may be considered the logical equivalent of a request for relief from the stay to prosecute" the counterclaims. *R.C.R. Services, Inc. V. Sciortino (In re Sciortino)*, 114 B.R. 423, 427 (Bankr. E.D. Pa. 1990). *See also Creative Conservation, Inc. v. Northern Lehigh School District (In re Creative Conservation, Inc.)*, 1991 WL 261706, at *1 (Bankr. E.D. Pa. Dec. 5, 1991)(ruling that filing of counterclaim is the equivalent of filing a motion for relief from the automatic stay to assert the counterclaim).

  *II.*  *Whether Browlee's counterclaims should be dismissed because they were filed after the Bar Date had passed?*

The bar date in Debtor's bankruptcy case was June 26, 2008. Since Brownlee did not file his answer to the complaint until October 16, 2008, the counterclaims which he asserts therein were filed after the bar date had passed. In a Chapter 13 case, the bar date "is a strict and non-negotiable deadline" for filing proofs of claims. *In re Brooks*, 2009 WL 189849 (Bankr. E.D. Pa. Jan. 27, 2009). *See also In re Latimer*, 2008 WL 5102868, at *1 (D. Colo. Oct. 6, 2008); *In re Moniz*, 2007 WL 2225926, at *2 (Bankr. D. Idaho Aug. 2, 2007); *In re Jensen*, 333 B.R. 906, 909 (Bankr. M.D. Fla. 2005); *In re Kristiniak,* 208 B.R. 132, 135 (Bankr. E.D. Pa. 1997) ("[W]e are compelled to conclude that extending the bar date in a Chapter 13 case is not authorized by the Code or Rules."). A court's ability to extend the deadline is limited to specific circumstances, none of which are present in the instant matter. See Fed.R.Bankr.P. 9006(b)(3); Fed.R.Bankr.P. 3002(c).[2]

---

  [2] Rule 9006(b)(3) authorizes a court to extend the time deadline for filing proofs of claims in a Chapter 13 case "only to the extent and under the conditions stated" in Rule 3002(c). This subsection of Rule 3002 lists the extent and circumstances under which the bar deadline in a Chapter 13 case may be extended, stating in relevant part:

  (1) A proof of claim filed by a governmental unit, other than for a claim resulting from a tax return filed under § 1308, is timely filed if it is filed not later than 180 days after the date of the order for relief. A proof of claim filed by a governmental unit for a claim resulting from a tax return filed under § 1308 is timely filed if it is filed no later than 180 days after the date of the order for relief or 60 days after the date of the filing of the tax return. The court may, for cause, enlarge the time for a governmental unit to file a proof of claim only upon motion of the governmental unit made before expiration of the period for filing a timely proof of claim.

  (2) In the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either.

(continued...)

Since the bar date passed before Brownlee asserted his counterclaims, they cannot and do not constitute proofs of claims in the Debtor's bankruptcy case and he cannot share in any distributions made in the case. However, since Debtor failed to list Brownlee as a creditor in her bankruptcy case, the fact that he asserted his counterclaims after the bar date had passed does not automatically mean that he is barred from asserting them.

Pursuant to 11 U.S.C. § 523(a)(3), debts which are not listed or scheduled by a debtor in a Chapter 13 case may determined to be nondischargeable. Subsection 523(a)(3) provides, in pertinent part:

> A discharge under section .... 1328(b) of this title does not
> discharge an individual debtor from any debt --

---

²(...continued)
(3) An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.

(4) A claim arising from the rejection of an executory contract or unexpired lease of the debtor may be filed within such time as the court may direct.

(5) If notice of insufficient assets to pay a dividend was given to creditors under Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall give at least 90 days' notice by mail to creditors of that fact and of the date by which proofs of claim must be filed.

(6) If notice of the time to file a proof of claim has been mailed to a creditor at a foreign address, on motion filed by the creditor before or after the expiration of the time, the court may extend the time by not more than 60 days if the court finds that the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim.

Fed.R.Bankr.P. 3002(c).

> (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit--
>
> (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
>
> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

11 U.S.C . § 523(a)(3). Since Debtor failed to list or schedule Brownlee as a creditor in her bankruptcy case, her debt to Brownlee, if any, may be nondischargeable under §523(a)(3)(A) and/or §523(a)(3)(B). While Brownlee has not asserted his counterclaims within the framework of §523(a)(3), it is plausible that he can do so. If he successfully pleads his counterclaims under §523(a)(3), then he will be entitled to pursue them despite having asserted them after the bar date has passed. Moreover, if Brownlee obtains judgment in his favor on the counterclaims, Debtor's debt to him will be excepted from discharge pursuant to §1328(b).

### III. *The Automatic Stay*

The automatic stay bars a creditor from proceeding on a claim against the debtor that arose pre-petition. *See 11 U.S.C. §362(a)(1) & (6).*[3] However, it does not, bar a creditor from

---

[3] Section 362(a) states, in pertinent part:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ...operates as a stay, applicable to all entities, of--
>
> (1)     the commencement or continuation, including the

(continued...)

8

commencing an adversary action to have the dischargeability of a debt determined.[4] *Rein v. Providian Financial Corporation, 270 F.3d 895, 904-05 (9th Cir. 2001).* Bankruptcy Rule 4007(b) provides that a complaint to determine the dischargeability of a debt under §523(a)(3) may be filed at any time. In addition, Bankruptcy Rule 7001 of the Federal Rules of Bankruptcy Procedure recognizes that a proceeding to determine the dischargeability of a debt is an adversary proceeding.

      Since the automatic stay does not bar a creditor from commencing an adversary proceeding to have the dischargeability of a debt determined, it is logical to conclude that the automatic stay will not bar Brownlee from asserting counterclaims under §523(a) that are based on the same transactions and occurrences as the Debtor's claims against him in this adversary proceeding. Therefore, assuming Brownlee successfully amends his counterclaims to state claims under §523(a)(3), they will not be barred by the automatic stay.

---

[3](...continued)
    issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

                        * * *

    (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title[.]

11 U.S.C. §362(a)(1) & (6).

[4] In ruling upon a claim under §523(a), a court decides whether a debt is due and owing and, if so, in what amount. *See Cardillo v. Moore-Handley, Inc. (In re Cardillo)*, 172 B.R. 146, 150 (Bankr. N.D. Ga. 1994). The court also determines whether the debt is nondischargeable. *Id.*

**SUMMARY**

Based on the reasons set forth above, Debtor's motion to dismiss shall be granted without prejudice. Brownlee shall be granted leave to file an amended answer within a required period of time setting forth his counterclaims within the framework of §523(a)(3).

By the Court:

*Stephen Raslavich*

Stephen Raslavich
Chief U.S. Bankruptcy Judge

Dated: March 12, 2009

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| | : |
| TRINA LORRRAINE BOLYAR, | : |
|     DEBTOR(S) | : BANKRUPTCY NO. 08-10378 SR |
| | |
| TRINA LORRAINE BOLYAR, | : |
|     PLAINTIFF, | : |
| vs. | : |
| DARIN BROWNLEE AND JAMES BENSON, | : ADV. NO. 08-00210 |
|     DEFENDANTS. | : |
| | : |

# ORDER

**AND NOW,** upon consideration of the Motion to Dismiss Counterclaims of Defendant Darin Brownlee (the "Motion") and the Answer of Defendant to Plaintiff's Motion to Dismiss Counterclaims, and after a hearing with notice, it is hereby **ORDERED** that:

1. The Motion is granted without prejudice.

2. Defendant's counterclaims are dismissed without prejudice to his filing an answer amending his counterclaims to assert his claims consistent with 11 U.S.C. §523(a)(3). The answer amending Defendant's counterclaims shall be filed within twenty (20) days of the date of this Order. The failure of the Debtor to file an answer amending his counterclaims within the aforementioned time period, or to obtain an extension of time for cause shown, may result in the counterclaims being dismissed with prejudice.

By the Court:

*Stephen Raslavich*

Stephen Raslavich
Chief U.S. Bankruptcy Judge

Dated: <u>March 12, 2009</u>

Counsel for the Plaintiff/Debtor
David A. Scholl, Esquire
Regional Bankruptcy Center of SE PA
Law Office of David A. Scholl
6 St Albans Avenue
Newtown Square, PA 19073

Counsel for Defendant
Harriet L. Hornick, Esquire
Two Penn Center
1500 JFK Blvd.
Suite 1020
Philadelphia, PA 19102

Chapter 13 Trustee
Frederick J. Reigle, Esquire
Chapter 13 Trustee
2901 St. Lawrence Ave
P.O. Box 4010
Reading PA 19606

U.S. Trustee
George Conway, Esquire
Office of the United States Trustee
833 Chestnut Street
Suite 500
Philadelphia PA 19106

Nancy Mulvehill, Courtroom Deputy to Judge Raslavich